IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANA GRAY o/b/o A.G. (a minor),  §<br>  Plaintiff, §<br>v. §<br>NANCY A. BERRYHILL, §<br>Acting Commissioner of the Social Security §<br>Administration, §<br>  Defendant. § | No. 3:17-CV-116-M (BF) |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Dana Gray, on behalf of her grandchild, A.G., a minor child, ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security Administration's ("Commissioner") final decision denying her claim for supplemental security income under Title XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court **REVERSE and REMAND** the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that A.G. is disabled due to attention deficit hyperactivity disorder, articulation disorder, autistic disorder, a possible psychotic episode, and borderline to low average range of intelligence. Pl.'s Br. 2, ECF No. 16; Tr. 112-14, ECF No. 13-4. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Hearings were held on June 26, 2015 and September 25, 2015 in Dallas, Texas before ALJ Daniel Curran (the "ALJ"). Tr. 108 & 133, ECF No. 13-4. A.G. was born on May 22, 2005, and at the time of the hearing, he was 10 years old. Tr. 155, ECF No. 13-5. The ALJ issued a decision finding that A.G. has not been under a disability as defined in the Social Security Act from the date

of the application on September 20, 2012 through the date of his decision on November 30, 2015. Tr. 100, ECF No. 13-4. The ALJ determined that A.G. had the following severe impairments: attention deficit hyperactivity disorder, disorder of written expression, articulation disorder, borderline intellectual functioning, autism spectrum disorder, psychotic disorder, and generalized anxiety disorder. Tr. 89, ECF No. 13-3. The ALJ determined that A.G. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 92, ECF No. 13-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on November 8, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 13-3. Plaintiff subsequently filed this action in the District Court on January 11, 2017. Compl., ECF No. 1.

## **LEGAL STANDARDS**

An individual under the age of eighteen who is not engaging in substantial gainful activity is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 416.906, 416, 924. The Commissioner utilizes a sequential three-step inquiry to determine whether a child is disabled and entitled to monthly benefits under the Social Security Act: (1) A child who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings; (2) a child who does not have a "severe impairment" will not be found to be disabled; and (3) a child whose impairment meets, medically equals, or functionally equals a listed impairment in the regulations will be considered disabled. 20 C.F.R. § 416.924(b)-(d).

If the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a listed disability. 20 C.F.R. § 416.924(c)-(d). For children, the Listing of Impairments, found in Appendix 1 of Subpart P of Part 404 of Chapter III, "describes impairments that cause marked and severe functional limitations." 20 C.F.R. § 416.925(a). Appendix 1 is divided into Parts A and B; Part B exclusively applies to children whereas Part A applies to children only when "the disease processes have a similar effect on adults and children." 20 C.F.R. § 416.925(b). To meet the requirements of a listing, the claimant must have a medically determinable impairment that satisfies all of the criteria of the listing. 20 C.F.R. § 416.925(d). An impairment medically equals a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

If a claimant does not have a severe impairment or combination of impairments that meets or medically equals any listing, the Commissioner determines whether the claimant has an impairment that "results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a). To determine whether a child's impairment functionally equals a listed disability, the impairments are evaluated for the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). In evaluating a child's ability to function in each domain, the Commissioner also considers: (1) the activities the child is able to perform; (2) the activities the child is not able to perform; (3) which of the child's activities are limited or restricted compared to children of the same age who do not have impairments; (4) whether the child has difficulty with activities at home, in childcare, at school, or in the community; (5) whether the child has difficulty independently initiating, sustaining, or

3

completing activities; and (6) what kind of help the child needs to do activities, how much, and how often. 20 C.F.R. § 416.926a(b)(2). If the evidence shows that a child's impairment seriously interferes with his or her ability to independently initiate, sustain, or complete activities, the impairment is considered "marked." 20 C.F.R. § 416.926a(e)(2)(i). If the evidence shows that a child's impairment very seriously interferes with his or her ability to independently initiate, sustain, or complete activities, the impairment is "extreme." 20 C.F.R. § 416.926a(e)(3)(i). In order to demonstrate functional equivalence, the child must exhibit a "marked" limitation in two of the domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

The Commissioner's determination is afforded great deference. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June

4

3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ failed to properly consider a medical source statement submitted by treating physician, Dr. Harold Barnard who noted that there were documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. Pl.'s Br. 4, ECF No. 16; Tr. 446-49, ECF No. 13-9. Plaintiff also points out that Dr. Barnard indicated that A.G. had cognitive/communicative function at a level generally acquired by children who are half A.G.'s age. Pl.'s Br. 4-5, ECF No. 16; Tr. 447, ECF No. 13-9. Plaintiff further points out that Dr. Barnard opined that A.G. has marked difficulties in maintaining concentration, persistence, or pace. Pl.'s Br. 5, ECF No. 16; Tr. 449, ECF No. 13-9. Plaintiff argues that the treatment records establish that Dr. Barnard is a treating physician, and that the ALJ may reject the opinion of such treating physician only if he performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 416.927 ("Section 416.927") if there is no controverting reliable medical evidence from a treating or examining physician. Pl.'s Br. 5, ECF No. 16; Tr. 801, ECF No. 13-14. Plaintiff argues that while Dr. Barnard's opinions are consistent with other medical opinions in the record, the ALJ stated that

5

he found little support for his opinion and relied on the opinions of non-treating and non-examining physicians. Pl.'s Br. 7, ECF No. 16.

In the response, the Commissioner argues that Dr. Barnard does not qualify as a treating physician, because he examined A.G. on one occasion. Def.'s Br. 4, ECF No.17. The Commissioner argues that the deference given to a treating physician is premised on the notion that the opinion of a physician who treats a claimant over a period of time should be accorded considerable weight in determining disability, and that a treating physician under the regulations is defined as a physician who has given medical treatment or evaluation and who has or has had an ongoing relationship with the claimant. Def.'s Br. 4, ECF No.17 (citing 20 C.F.R. § 416.902). The Commissioner argues that a physician's one time evaluation of a claimant does not created the ongoing treatment relationship that is necessary to qualify as a treating source. Def.'s Br. 5, ECF No.17 (citing 20 C.F.R. § 416.902). The Commissioner cites in support a case from the Southern District of Texas which stated that the "SSA 'will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability[,]' [and that the claimant's] one time visits [with doctors on the recommendation of his counsel] do not constitute 'ongoing' treatment." *Richardson ex. rel. C.R. v. Barnhart*, 338 F. Supp. 2d 749, 759 (S.D. Tex. 2004) (citing 20 C.F.R. § 416.902; *Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036-38 (9th Cir. 2003)).

In the reply, Plaintiff argues that Dr. Barnard's notes indicate that he saw A.G. on August 14, 2015 "for a transition into care," and that this indicates that he evaluated him for the purpose of treatment. Reply 2, ECF No. 18; Tr. 801, ECF No. 13-14. Plaintiff argues that the length of the treatment relationship is one of the factors that should be considered under the criteria set forth in

Section 416.927. Reply 2, ECF No. 18. Plaintiff argues that while it appears that the Commissioner is relying upon the opinion of Dr. Alvin Smith, a psychologist who testified at the hearing, Dr. Smith was not an examining or treating source and his opinion does not controvert the opinion of Plaintiff's treating physician Dr. Barnard. Reply 3, ECF No. 18 (citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).

> In *Newton v. Apfel*, the Fifth Circuit stated the following:
>
> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § [416.927(c)]. Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). . . . This court [] holds that an ALJ is required to consider each of the § [416.927(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). As Plaintiff argues, there is no evidence from a treating or examining physician that controverts the opinion of Dr. Barnard. While the Commissioner argues that Dr. Barnard does not qualify as a treating physician because he only evaluated A.G. on one occasion, as Plaintiff's argues, the length of the treatment relationship is one of the factors that is to be considered in conducting the Section 416.927[1] analysis. Reply 2, ECF No.

---

1. 20 C.F.R. § 416.927(c) states the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
    (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
    (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and

7

18. Absent reliable evidence controverting Dr. Barnard's opinion, the ALJ was required to consider each of the Section 416.927(c) factors. *See Gittens v. Astrue*, 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § [416.927(c)].").

In consideration of the foregoing, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be remanded for further consideration. *See Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician . . . . There is also a realistic possibility that the ALJ would have sought clarification or additional evidence as contemplated by 20 C.F.R. § 404.1512(e)."). Because the undersigned finds that the

---

(c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.
    (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
    (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
    (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

Commissioner's decision should be reversed on this ground, the undersigned pretermits consideration of Plaintiff's remaining argument as she can raise it before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court **REVERSE and REMAND** the final decision of the Commissioner.

SO RECOMMENDED, this 8th day of January, 2018.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).